# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CKH FAMILY LIMITED PARTNERSHIP,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **HOLT HOMES, INC.,** *et al.*, <br><br> Defendants. | Case No. 3:17-cv-441-SI <br><br> **OPINION AND ORDER ON ATTORNEY'S FEES** |

Leslie S. Johnson, SAMUELS YOELIN KANTOR LLP, 111 SW Fifth Avenue, Suite 3800, Portland, OR 97204. Of Attorneys for Plaintiffs.

Bradley W. Andersen and Phillip J. Haberthur, LANDERHOLM, PS, 805 Broadway Street, Suite 1000, Vancouver, WA 98660. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

In 2005, Plaintiffs Waldemar Maya, Van Shaw, and CKH Family Limited Partnership invested a total of $1.4 million in a real estate development plan orchestrated by Defendant Greg Kubicek. In 2017, Plaintiffs sued Kubicek and three entities associated with Kubicek for: (1) rescission under Oregon Revised Statutes ("ORS") § 59.115(2); (2) misrepresentation; (3) breach of fiduciary duty by self-dealing; and (4) aiding and abetting an unlawful sale of securities in violation of ORS § 59.115(3). Plaintiffs and Defendants cross-moved for summary judgment. In

PAGE 1 – OPINION AND ORDER

its Opinion and Order on January 29, 2018 (ECF 34), the Court granted Defendants' motion for summary judgment and dismissed Plaintiffs' claims as untimely. Before the Court is Defendants' motion for attorney's fees and costs.

## STANDARDS

"In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (citation and quotation marks omitted).

Plaintiffs brought claims under the Oregon Securities Laws, codified in Oregon Revised Statutes ("ORS") § 59.115. The parties do not dispute that § 59.115(10), which provides that "the court may award reasonable attorney fees to the prevailing party in an action under [§ 59.115]," gives the Court discretion to grant reasonable attorney's fees to Defendants in this case.

In addition, Defendants Greg Kubicek, Clackamas Homes, Inc. ("CHI"), and MGD/CCP Acquisition LLC ("the Company") are entitled to attorney's fees under the Operating Agreement at issue in this case. Under Oregon law, a prevailing party shall recover reasonable attorney's fees and costs incurred in enforcing the provisions of a contract when the contract so requires. ORS § 20.096(1). Oregon law provides:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.

*Id.* The Operating Agreement provides:

> In the event that any dispute between the Company and the Members or among the Members should result in litigation or arbitration, the prevailing party shall be entitled to recover from the other party all reasonable fees, costs and expenses of enforcing any right of the prevailing party, including without limitation, reasonable attorneys' fees and expenses.

ECF 17 at 152. Because Kubicek, CHI, and the Company were all parties to the agreement, they are entitled to reasonable fees, costs, and expenses. Defendants argue that it is impossible to separate time spent defending Holt Homes, Inc. ("Holt Homes"), the remaining defendant, from time spent defending the other three. The Court agrees. Further, Holt Homes is separately entitled to attorney's fees under ORS § 59.110(10).

After concluding that a prevailing party shall recover reasonable attorney's fees, a court applying Oregon law must consider the specific factors set forth in ORS § 20.075 to determine the amount of attorney's fees to be awarded. The specific factors set forth in ORS § 20.075(1) are:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

ORS § 20.075(1).[1] After considering these eight factors, ORS § 20.075(2) then directs the court to consider the following additional eight factors:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c) The fee customarily charged in the locality for similar legal services.
>
> (d) The amount involved in the controversy and the results obtained.
>
> (e) The time limitations imposed by the client or the circumstances of the case.
>
> (f) The nature and length of the attorney's professional relationship with the client.
>
> (g) The experience, reputation and ability of the attorney performing the services.
>
> (h) Whether the fee of the attorney is fixed or contingent.

ORS § 20.075(2). Oregon law further directs that when analyzing these factors, a court should "includ[e] in its order a brief description or citation to the factor or factors on which it relies." *McCarthy v. Or. Freeze Dry, Inc.*, 327 Or. 185, 190-91 (1998). The court, however, "ordinarily

---

[1] Under subsection (1), these factors are to be first considered in determining whether to award fees "in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees." In addition, in any case in which an award of fees is authorized or required, the court shall consider the factors specified in subsection (1) as well as the factors specified in subsection (2) "in determining the amount of an award of attorney fees in those cases." ORS § 20.075(2).

has no obligation to make findings on statutory criteria that play no role in the court's decision." *Frakes v. Nay*, 254 Or. App. 236, 255 (2012).

Under ORS § 20.075(2), factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged, and factor (d) generally informs whether an upward or downward adjustment might be appropriate. Taken together, these factors are comparable to what is often referred to as the "lodestar" method for calculating a reasonable attorney's fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (holding that the lodestar method yields a presumptively reasonable fee, subject to either upward or downward adjustment as appropriate); *see also Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 221 (2013) ("The lodestar approach that the parties have used is at least a permissible one under the statutes involved," including ORS § 20.075); *ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 255 Or. App. 525, 554 (2013) ("The lodestar method that the trial court used is a commonly applied and permissible approach for determining the reasonableness of a fee award . . . .").

## DISCUSSION

Plaintiffs object to Defendants' request for attorney's fees for the following reasons: (1) Defendants acted unreasonably throughout the course of the parties' dispute, in a manner specifically designed to incur higher attorney's fees, including by withholding information and refusing to engage in settlement discussions; (2) time spent by Michael Bortz, Defendants' business counsel, should not be included in any fee award because Bortz was never an attorney of record in this case; (3) fees paid to the American Arbitration Association ("AAA") should not be included in any fee award because Defendants chose to go to a three-arbitrator panel and then agreed to consolidate the cases such that each side's fees paid to the AAA were wasted; and (4) the amount of fees Defendants request overall is unreasonable because the legal dispute was not

PAGE 5 – OPINION AND ORDER

overly complicated, and the entries submitted by Defendants reflect duplicative and unnecessary work, particularly by partner-level attorneys.

**A. Defendants' Behavior Throughout the Dispute**

Plaintiffs object first that Defendants' behavior throughout this dispute was unreasonable and was specifically calculated to increase both sides' attorney's fees and costs. Plaintiffs point specifically to Defendants' refusal to engage in certain discovery in the Texas litigation and to Defendants' "contradictory or misleading" disclosures in 2014.

As explained in the Court's Opinion and Order on the parties' cross-motions for summary judgment (ECF 34), Plaintiffs sued Defendants in Texas state court despite the Operating Agreement's requirement that any dispute between the parties be subject to mandatory arbitration and that any lawsuit be filed in Oregon. The Texas court granted Defendants' motion to quash certain requested discovery on the grounds that, at that time, discovery was proper only as to jurisdictional facts. ECF 22 at 26. This does not constitute an unreasonable denial or delay of discovery on Defendants' part.

There is similarly no reason to deny Defendants' fee request on the ground that their 2014 disclosure was intentionally contradictory or misleading. Defendants produced a "paid invoice register" that listed repayments the Company made to Holt Homes for the amount used to purchase MGD and CCP, ECF 29-3 at 18, while also producing a document titled "MGD/CCP Acquisition Loans," which did not list the Holt Homes loan, ECF 17 at 201. As the Court concluded, it was these disclosures that started the limitations period on Plaintiffs' claims. Defendants were not obligated to distill and cleanly present Plaintiffs with information that would help them realize their claims. It was only Defendants' obligation to produce the documents requested. Given that the Court has concluded these disclosures contained enough information to put Plaintiffs on notice of their claims, the Court disagrees with Plaintiffs'

PAGE 6 – OPINION AND ORDER

assertion that this disclosure was so misleading or contradictory to suggest that Defendants' goal was actually to cause delay and to increase both sides' costs.

Plaintiffs also object on the ground that Defendants refused to engage in settlement discussions. Defendants respond that the provision that Plaintiffs cite, ORS § 20.075(f), only applies when the issue of whether to award attorney's fees is discretionary, and not mandatory.[2] Defendants argue that because an award of attorney's fees here is mandatory under the Operating Agreement, the extent to which Defendants pursued settlement is not a factor the Court may consider.

The Court is to consider "the diligence of the parties in pursuing settlement of the dispute" in determining whether to award attorney's fees in a case when doing so is discretionary (*i.e.*, under ORS § 59.110), and in determining the *amount* of such fees in any case where awarding fees is authorized or required by statute (*i.e.*, under ORS § 20.096(1) and the Operating Agreement). Here, an award of fees is mandatory with respect to three of the defendants—Kubicek, CHI, and the Company—and discretionary with respect to Holt Homes. Defendants argue that it is impossible to separate time spent defending Holt Homes from time spent defending the other three defendants, and the Court agrees. Defendant has not provided any authority, however, on whether that makes the entire fee award mandatory or discretionary.

Regardless, the Court is unpersuaded by Plaintiffs' argument that Defendants should be denied an award of fees, or that those fees should be reduced, based on Defendants' refusal to engage in settlement discussions. Defendants believed, and this Court agreed, that Defendants had a strong argument that Plaintiff's claims were time-barred, and thus that Plaintiffs should not

---

[2] Defendants actually state that the ORS 20.075 factors "only apply when the issue of whether to award the prevailing party their fees is mandatory, and not discretionary." The Court presumes that this is a typographical error based on the authorities Defendants provide in support of that statement and the text of the statue itself.

PAGE 7 – OPINION AND ORDER

recover anything. It was reasonable for Defendants to wait and see whether the Court would agree with this defense before discussing the prospect of settlement. Thus, there is no basis for Plaintiffs' assertion that Defendants' litigation strategy was designed specifically to incur high attorney fees and costs on both sides.

**B. Time of Michael Bortz**

Defendants seek $5,661.5 for 16.9 hours of work done by Michael Bortz. Bortz is Defendants' main transactional lawyer (or "business attorney"), who had advised and represented Defendants prior to the filing of Plaintiffs' lawsuit. ECF 38 at 3, ¶ 10. Plaintiffs object to any time charged by Bortz, because Bortz was not an attorney of record in the case. The Court is not aware of any requirement, however, that an attorney formally appear in a case in order for his or her time to be included in a fee award. Notably, Plaintiffs do not object on this ground to fees charged by other attorneys who did not formally appear in the case.

Defendants explain that Bortz consulted with Defendants' litigation team on some business-related issues after Plaintiffs filed their lawsuit. ECF 38 at 3, ¶ 10. This is supported by evidence in the record. *See* ECF 38 at 16-50. Defendants' attorney's statements reflect that Bortz spent time reviewing Plaintiffs' complaint, an arbitration demand, and arbitration-related correspondence; attending litigation strategy meetings; providing background to the litigation team; and analyzing issues and information relating to the litigation. *Id.* Defendants do not seek fees for any of Bortz' time prior to the filing of Plaintiff's lawsuit. *See id.* The fact that Bortz was not an attorney of record in this matter is not a basis upon which to deny Defendants' request for fees for Bortz' time. The overall reasonableness of Defendants' requested fees, including those deriving from Bortz' time, is discussed in Section E.

**C. Costs Paid to the American Arbitration Association**

Defendants also request an award of their costs, including their portion of an arbitration fee paid to the AAA, which amounts to $3,128.75. Plaintiffs object, arguing that Defendants "chose to require a separate filing, chose to participate in the appointment of a 3-arbitrator panel, and then chose to agree to consolidate the cases so that the fees *both sides were charged by AAA* were wasted."

As Defendants point out, arbitration was required under the Operating Agreement:

> Except as otherwise provided in this Agreement, any controversy or dispute arising out of this Agreement, the interpretation of any of the provisions hereof, or the action or inaction of any Member or Manager hereunder shall be submitted to arbitration in Clackamas County Oregon before the American Arbitration Association, under the commercial arbitration rules. . . . No action at law or in equity based upon any claim arising out of or related to this Agreement shall be instituted in any court by any Member except (a) an action to compel arbitration pursuant to this subsection or (b) an action to enforce an award obtained in an arbitration proceeding, in accordance with this section.

ECF 17 at 151.

On January 21, 2016, Plaintiffs requested a tolling agreement to allow the parties to mediate their dispute, which Defendants declined. ECF 14 at 3; ECF 45 at 2. Plaintiffs filed a lawsuit nearly eight months later on September 16, 2016 in Clackamas County Circuit Court against Holt Homes, and concurrently initiated arbitration against Kubicek and the Company—both parties to the Operating Agreement. ECF 14 at 3. At that time, and for some time after, the parties discussed, but could not ultimately agree, on whether to consolidate the two cases and on what terms.[3] Johnson, Plaintiffs' attorney, notes that the Commercial Arbitration Rules of the

---

[3] According to Leslie Johnson, Plaintiffs' attorney, immediately after filing the arbitration and lawsuit in September 2016, she offered to discuss consolidation. Johnson states that Defendants "eventually" proposed that the actions be consolidated, but only on certain terms. ECF 41 at 2. According to Bradley Anderson, Defendants' attorney, Defendants offered to

PAGE 9 – OPINION AND ORDER

AAA called for a three-member panel, but that Johnson proposed that the parties agree to a single arbitrator, and Defendants declined. ECF 41 at 2. The parties selected a panel and appeared at a scheduling conference in February 2017. Shortly thereafter, the parties agreed to waive arbitration. *Id*. Plaintiffs consolidated the cases in state court, and Defendants removed. *Id.* at 3.

Plaintiffs suggest that Defendants attempted to drive up costs by first requiring arbitration (by a three-member panel), and then agreeing to consolidate the cases, such that the arbitration fees went to waste. Defendants point out, however, and Plaintiffs do not contest, that Defendants offered to consolidate the cases in December 2016, before the parties had selected an arbitration panel and held a pre-hearing meeting, and Plaintiffs declined that offer. Thus, even if Defendants did not immediately accept Plaintiffs' offer to consolidate in September 2016, they did indicate a willingness to do so before a large portion of the AAA fees were incurred. It appears that the parties were simply unable to agree to the terms of a consolidation for some time. The Court cannot say that Defendants acted unreasonably or solely to drive up costs by first declining a tolling agreement and an initial offer to consolidate, and subsequently, after more discussion and development of the cases, consolidating the cases against Kubicek, Holt Homes, and the Company to one forum. Each party plainly had a right to arbitration under the Operating Agreement. Further, as Defendants argue, it is not clear that Defendants' actions *did* drive up costs overall. As such, Defendants are entitled to an award of their costs incurred in responding to Plaintiffs' arbitration claim against Kubicek and the Company.

---

consolidate the two proceedings on December 14, 2016, and Johnson declined. At this point, the parties had not selected an arbitration panel or conducted a pre-hearing meeting. It was not until February 1, 2017, Anderson states, that Johnson notified Defendants that Plaintiffs would agree to consolidate the cases, again with certain conditions to which Defendants did not agree. *Id.* at 3. Ultimately, the parties agreed to consolidate the cases. *Id.*

PAGE 10 – OPINION AND ORDER

### D. Objections to Total Amount Requested and Specific Entries

Plaintiffs also object to the total amount requested insofar as it reflects the work of what Plaintiffs refer to as three partner-level attorneys and two associates over the course of one year. Plaintiffs argue that having multiple lawyers going in and out of the matter duplicated efforts unnecessarily. Plaintiffs also note that on multiple occasions, at least two partner-level attorneys were billing time on the same dates for the same or similar activities.

Plaintiffs are not specific about who, exactly, they are referring to as the three partner-level attorneys. To the extent Plaintiffs are referring to Bortz one such partner-level attorney, and as one who on some occasions billed hours on the same day as other attorneys, Bortz had a different area of expertise, and thus was not duplicating efforts. Bortz also had a preexisting relationship with the clients. Further, contrary to Plaintiffs' assertion that there were three partner-level attorneys working on the case, Defendants state that they primarily used one partner and two associates, and that Bortz occasionally consulted. Bradley Anderson served as lead litigation counsel, and Phillip Haberthur oversaw discovery and brief writing. R. Bryce Sinner helped with legal research and analysis and brief writing. *Id.* Defendants' billing rates reflect that Andersen and Bortz billed at comparable rates ($325 and $335, respectively); that Haberthur billed at a rate $30 per hour lower than Andersen, the lead attorney; and that Sinner billed at a rate $40 per hour lower than Haberthur. Defendants do not explicitly state, but the Court can infer, that Andersen and Bortz were the two partner-level attorneys who worked on the case, with Andersen being the lead, and that Haberthur and Sinner were both associates. This is a reasonable staffing structure.

### E. Overall Reasonableness

Although Plaintiffs' specific objections are unavailing, the Court still considers the overall reasonableness of Defendants' requested fees. ORS § 20.075. Defendants seek $156,867

PAGE 11 – OPINION AND ORDER

in fees and $8,847.21 in costs incurred in successfully defending Plaintiffs' lawsuit. Defendants seek an additional $8,282 in fees and $5,760 in costs incurred in bringing this motion.

With respect to Defendants' requested fees and costs for the litigation, as separate from fees and costs incurred in seeking to an award of fees and costs, the Court concludes that Defendants' request is reasonable. The defenses that Defendants raised—one of which formed the basis of the Court's dismissal—were objectively reasonable. *See* ORS § 20.075(1)(b). Given the contractual and statutory background of this case, in which fees are either mandatory or discretionary for all Defendants, an award of attorney's fees would not cause any additional deterrence to others asserting good faith claims or defenses in similar cases, *see* ORS § 20.075(a)(c), though it may deter parties from asserting time-barred claims, *see* ORS § 20.075(a)(d). As discussed, the Court disagrees with Plaintiffs' assertions that Defendants acted in bad faith with the specific purpose of driving up legal costs throughout the course of this litigation. *See* ORS § 20.075(1)(e). Further, it was not unreasonable for Defendants to conclude that settlement would not be in their favor, and thus to decline to negotiate a settlement until after the Court resolved Defendants' statute of limitations arguments. *See* ORS 20.075(1)(f).

Although the statute of limitations issue, upon which the Court resolved this case, was not particularly novel or difficult, Defendants also had to respond to Plaintiffs' cross-motion for summary judgment on the merits of Plaintiffs' claims, which substantially increased the amount of work required. *See* ORS 20.075(2)(a). Further, Defendants have demonstrated that with the exception of the minimal time spent by Mr. Bortz, the rates charged by each attorney and paralegal working on the case were below the Oregon State Bar's median rates based on comparable experience. *See* ORS 20.075(2)(c). Although Bortz' fee was $10 higher than the median for his specialty, Defendants seek to recover for only minimal time spent by Bortz and,

as discussed, Bortz provided a different subject-area expertise and an established relationship with the client. Plaintiffs sought $1,260,000 in damages, and Defendants succeeded in having Plaintiffs' claims dismissed in their entirety. ECF 1 at 3; *see* ORS 20.075(2)(d). These factors weigh in favor of granting the fees Defendants request with respect to their litigation defense. The other factors enumerated in ORS § 20.075 are either not relevant or do not aid the Court's analysis.

With respect to fees and costs sought for work done in requesting an award of fees and costs Defendants' request is reasonable, with two exceptions. The first two entries, from January 29, include time spent on unrelated work, not just time spent on attorney's fees. The first of those entries, in particular, reflects 1.2 hours of work on no less than five different tasks, only one of which clearly involved the motion for attorney's fees and costs. Writing to the client advising on "next steps," which is separately noted, arguably includes this, but likely also reaches other next steps, such as motions for reconsideration and appeals. For the same reason, the Court cannot conclude that time spent analyzing next steps in the case is clearly related to the motion for attorney's fees. Subtracting these entries, which total $564, Defendants' fee request with respect to the fee motion itself amounts to $7,718. For the reasons discussed above, this additional amount is reasonable.

Defendants' motion for an award of attorney's fees and costs (ECF 37) is GRANTED in part. Defendants are awarded $179,192.21 in fees and costs.

**IT IS SO ORDERED.**

DATED this 29th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 13 – OPINION AND ORDER